**ADLER, Ex parte.**

[See In re Irons, Case No. 7,066.]

---

## Case No. 83.

### ADLER v. NEWCOMB.

[16 Int. Rev. Rec. 142, 174; 2 Dill. 45.][1]

Circuit Court, E. D. Missouri. Sept. Term, 1872.

FEDERAL COURTS—JURISDICTION — SUIT ON MARSHAL'S BOND—PLEADING.

1. The federal courts have jurisdiction in suits by individuals upon a marshal's bond, even where all the parties to the suit are citizens of the same state,—the reason being that the act of congress of April 10, 1806, which gives the right to a party injured by breach of the bond to sue thereon in his own name, puts such party in the place of the United States, and does not take from the federal courts the jurisdiction they had before the act was passed, when suit had to be brought in the name of the United States.

[Cited in Pierson v. Philips, 36 Fed. Rep. 837.]

2. In suits upon a marshal's bond, the petition should ask for judgment for the damages sustained, and not for the whole penalty of the bond.

[Cited in Hagood v. Blythe, 37 Fed. Rep. 251.]

[See U. S. v. Davidson, Case No. 14,921.]

At law. Plaintiff sued Carman A. Newcomb, United States marshal for the eastern district of Missouri, and the sureties upon his official bond. The alleged breach of the bond was, that plaintiff being the

---

[1][The syllabus of this case is reprinted from 2 Dill. 45, by permission, and is also reported in 16 Int. Rev. Rec. 174. The statement and opinion are reprinted from 16 Int. Rev. Rec. 142.]

legal owner and possessor of two cases of merchandise of the value of $1,000, the defendant Newcomb, acting as United States marshal, and under color of that office, seized and took possession of said cases wrongfully and without leave. Plaintiff prayed judgment for the amount of the bond ($20,-000,) and also prayed the court to assess the damages by him sustained.

Defendant demurred to the petition, upon the ground chiefly that the court had no jurisdiction, the plaintiff and the defendants being all citizens and residents of Missouri, and the controversy being thus between citizens of the same state, a federal court could have no jurisdiction. The act of congress of April 10th, 1806, (2 Stat. 372,) gives the right to any person injured by the breach of the condition of a marshal's bond, to institute a suit thereon, in the name and for the sole use of such person; but gives no direction as to the forum in which such suit shall be brought. Defendants therefore contended that there being no express jurisdiction conferred by that act on federal courts, neither was there any implied jurisdiction thereby conferred on them; that the plain design of the act was to remedy the difficulty that had previously been experienced by the parties in having to bring suit in the name of the United States; and that in no act of congress was any jurisdiction conferred on the federal courts such as would cover a case like the present where the suit was between citizens of the same state.

Plaintiff contended that as the law stood before the act of 1806, suits brought on marshal's bonds could only be brought by the United States or in the name of the United States to the use of the party injured, and such suits were then properly brought in the federal courts, and that the act of 1806 simply conferred on the party injured a right to sue in his own name, but ·did not take away the jurisdiction vested in the federal courts before the act was passed. Plaintiff further contended that the case was one arising under the laws of the United States, and therefore within the scope of section 2 of article 3 of the constitution of the United States, which provides that the judicial power of the United States shall extend to all cases in law and equity arising under the laws of the United States, and cited the decision of Judge Drummond in United States v. Davidson, [Case No. 14,921,] in which it is laid down that the United States courts have jurisdiction in all cases of marshal's bonds, irrespective of the citizenship of the parties.

Nathan Frank, for plaintiff.
Dryden & Dryden, for defendant.

TREAT, District Judge, held that, while the act of 1806 allowed a party injured by breach of the condition of marshal's bond to ·be substituted in the place of the United States and to bring suit in his own name, it was not intended thereby to take from the federal courts the jurisdiction they previously had over such cases. The act did not change the jurisdiction, but simply conferred upon an injured party the right to sue in his own name instead of in the name of the United States to his use, and in legal intendment the federal courts had now the same jurisdiction over such cases as they had before the act was passed; and therefore in the present case the court had jurisdiction, notwithstanding the fact that the suit was between citizens of the same state.

On the argument upon the demurrers a point was raised as to the mode of pleading, and on this point the court held that the position [petition] was defective, in this: that it asked judgment for the whole penalty of the bond instead of asking only for the damages sustained, since by section 3 of the act of 1806 (2 Stat. 372) it is provided that after any judgment rendered on the bond of a marshal, such bond shall remain as a security for future breaches until the whole of the penalty shall have been recovered. Upon this ground the demurrer was sustained, and leave given to plaintiff to amend.